UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN CONTRACTORS
INDEMNITY COMPANY,

     Plaintiff,

v.

VETERANS CONSTRUCTION
SERVICES, INC., *et al.*,

     Defendants.

_____ /

Case No. 20-12089

Stephanie Dawkins Davis
United States District Judge

**OPNION AND ORDER GRANTING PLAINTIFF'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 14)**

## I.    INTRODUCTION

On August 5, 2020, Plaintiff, American Contractors Indemnity Company

("ACIC"), filed an Amended Complaint against Defendants, Veteran Construction

Services, Inc.; KSA-Krantz Systems & Associates, LLC; Neil W. Krantz, Sr.; and

Diane Krantz. (ECF No. 4). ACIC alleges that Defendants have failed to

indemnify them for losses incurred from various performance and payment bonds

issued to Defendants. It raises a claim for contractual indemnification (Count I)

and common law indemnification (Count II).

On December 23, 2020, ACIC filed a Motion for Partial Summary Judgment

with respect to Count I of its Complaint. (ECF No. 14). As detailed in this court's

February 28, 2021 order (ECF No. 27), defense counsel filed an affidavit asking

the court to defer considering the motion because of "the lack of factual allegations in the Amended Complaint and prior to receiving full and complete discovery responses and the taking [of] depositions of parties disclosed in the written responses." (ECF No. 18-1).  Defendants attached, in support, a "First Set of Requests for Admissions, Interrogatories, and Request for Production of Documents." (ECF No. 18-3).  On January 24, 2021, Defendants filed a "Notice of Matters Deemed Conclusively Admitted" because of ACIC's failure to respond within 30 days to Defendants' requests for admissions.  (ECF No. 22).  A few days later, however, the parties stipulated that ACIC would comply with the discovery requested in Defendants' "First Set of Requests for Admissions, Interrogatories, and Request for Production of Documents" by January 28, 2021.  (ECF No. 23). Additionally, ACIC stated that it would "not object if Defendants file a Motion for Leave to File Sur Reply Brief to the Plaintiff's Motion for Partial Summary Judgment." (*Id.*)  But the court never received any briefing from Defendants.  As a result, the court adjourned its previously-set hearing on the Motion for Partial Summary Judgment and requested that Defendants file a substantive response to the motion no later than March 14, 2021.  (ECF No. 27).  The court underscored that if no brief were filed, it would treat ACIC's motion as unopposed.  To date, Defendants have not filed any briefing.

## II.   FACTS

On April 7, 2016, ACIC and Defendants entered into an Indemnity

Agreement.  (ECF No. 14-1).  Section III of that agreement provides that:

> **THE PRINCIPAL AND INDEMNITOR SHALL, JOINTLY AND SEVERALLY, EXONERATE, INDEMNIFY, KEEP INDEMNIFIED, REIMBURSE AND SAVE AND HOLD THE SURETY HARMLESS FROM AND AGAINST ANY AND ALL DEMANDS, LIABILITIES, LOSSES, COSTS, DAMAGES, ATTORNEYS' FEES AND EXPENSES, INVESTIGATIVE FEES AND EXPENSES, ACCOUNTANTS' FEES AND EXPENSES, ENGINEERING AND OTHER PROFESSIONAL OR CONSULTANTS' FEES AND EXPENSES OF ANY KIND, IN-HOUSE ATTORNEYS' FEES AND EXPENSES, INTEREST, COURT COSTS AND ANY AND ALL OTHER TYPES OF LIABILITIES, LOSSES, COSTS OR EXPENSES OF WHATSOEVER KIND OR NATURE, AND FROM AND AGAINST ALL SUCH LIABILITIES, LOSSES OR EXPENSES WHICH THE SURETY MAY SUSTAIN OR INCUR OR WHICH ARISE BY REASON OF OR IN ANY MANNER IN CONSEQUENCE OF, NO MATTER HOW REMOTELY, ANY ONE OR MORE OF THE FOLLOWING: THE EXECUTION OR PROCUREMENT BY THE SURETY OF ANY BOND; THE FAILURE OF ANY PRINCIPAL OR INDEMNITOR TO PERFORM OR COMPLY WITH ANY AND ALL OF THE TERMS, COVENANTS AND CONDITIONS OF THIS AGREEMENT; THE ENFORCEMENT OF ANY OF THE TERMS, COVENANTS AND CONDITIONS OF THIS AGREEMENT; THE CONDUCT OF ANY INVESTIGATION REGARDING THE SURETY'S ALLEGED OBLIGATIONS OR LIABILITIES UNDER ANY BOND OR IN CONNECTION WITH**

**ANY CONTRACT; ANY ATTEMPT BY OR ON BEHALF OF THE SURETY TO OBTAIN A RELEASE OR REDUCTION OF THE SURETY'S LIABILITY OR ALLEGED LIABILITY UNDER ANY BOND OR CONTRACT; ANY ATTEMPT BY OR ON BEHALF OF THE SURETY TO RECOVER ANY UNPAID PREMIUM IN CONNECTION WITH ANY BOND; THE PROSECUTION OR DEFENSE OF ANY ACTION OR CLAIM OF WHATSOEVER KIND OR NATURE IN CONNECTION WITH ANY BOND OR CONTRACT WHETHER THE SURETY, IN ITS SOLE AND ABSOLUTE DISCRETION, ELECTS TO EMPLOY ITS OWN COUNSEL OR, IN LIEU THEREOF OR IN ADDITION THERETO, PERMITS OR REQUIRES ANY PRINCIPAL AND INDEMNITOR TO MAKE ARRANGEMENTS FOR OR ASSIST IN THE SURETY'S LEGAL REPRESENTATION AND PROTECTION; THE LOAN OR ADVANCE OF ANY MONIES TO ANY PRINCIPAL OR INDEMNITOR; THE SURETY'S ATTEMPT TO DETERMINE, DISCHARGE OR MITIGATE ITS LOSS OR EXPOSURE TO LOSS IN CONNECTION WITH ANY BOND OR CONTRACT, OR TO ENFORCE ANY OF ITS RIGHTS PURSUANT TO THIS AGREEMENT, BY SUIT OR OTHERWISE.**

(ECF No. 14-1, PageID.112).

Furthermore, Section X of the agreement provides "[i]n the event of any payment by the Surety, an itemized statement of the amount of any such payment sworn to by any officer or authorized representative of the Surety, or any voucher or vouchers, invoices or other evidence of such payment shall be **prima facie** evidence of the fact and amount of such payment, and the extent of the liability of any Principal and Indemnitor to the Surety, and in the absence of actual fraud shall

be final, conclusive and binding upon any Principal and Indemnitor." (*Id.* at PageID.115).

Pursuant to this agreement, ACIC issued several performance and payment bonds related to various construction projects. (ECF No. 14-2). According to ACIC, as of October 28, 2020, it has sustained losses, costs, expenses, and attorney fees totaling $348,906.84, for which Defendants have not reimbursed them. (*Id.*) ACIC claims that Defendants are liable for this amount under the Indemnity Agreement.

## III.   STANDARD OF REVIEW

When a party files a motion for summary judgment, it must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d

433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).  Additionally, the evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the plaintiff.'" *Brown v. Scott*, 329 F. Supp. 2d 905, 910 (E.D. Mich. 2004). However, mere allegations or denials in the non-movant's pleadings will not satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party.  *Anderson*, 477 U.S. at 248, 251.

In assessing whether there is a genuine dispute about a material fact, the court must determine if the evidence in the case "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  Such a determination requires that the court "view the evidence presented through the prism of the substantive evidentiary burden" applicable to the case.  *Id*. at 254.  Thus, if the

plaintiff must ultimately prove its case at trial by a preponderance of the evidence, on a motion for summary judgment, the court must determine whether a jury could reasonably find that the plaintiff's factual contentions are true by a preponderance of the evidence. *See id.* at 252–53. Finally, if the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the movant is entitled to summary judgment. *Celotex*, 477 U.S. at 323. The court must construe Rule 56 with due regard not only for the rights of those "asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury," but also for the rights of those "opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." *Id*. at 327.

Furthermore, as a preliminary matter, Defendants have not responded to ACIC's Motion for Partial Summary Judgment. As this court's order indicated, if Defendants failed to respond, the court would treat the motion as unopposed. (ECF No. 27). Nevertheless, when a motion for summary judgment is unopposed, "[a] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded; at a minimum, the court is required to examine the motion to ensure that the movant has met his initial burden." *Faryen v. United Machining Inc.*, No. 14-14664, 2016 WL 5106975, at *4 (E.D. Mich. Aug. 16, 2016). Even so, "in the absence of a response, the court will not 'sua

sponte comb the record from the partisan perspective of an advocate for the non-moving party.'" *Id.* (quoting *Barnes v. SRI Surgical Exp., Inc.*, No. 1:09-cv-204, 2012 WL 1059935, at *3 (E.D. Tenn. Mar. 28, 2012)). "Rather, in the reasoned exercise of its judgment the court may rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'" *Id.* (quoting *Barnes*, 2012 WL 1059935, at *3). "If such evidence supports a conclusion that there is no genuine issue of material fact, the court will determine that the moving party has carried its burden, and 'judgment shall be rendered forthwith.'" *Id.*; *See also Norris v. Aryers*, No. 3:14-CV-302-PLR-HBG, 2016 WL 706238, at *2 (E.D. Tenn. Feb. 22, 2016); *Hicks v. Concorde Career Coll.*, 449 F. App'x. 484, 487 (6th Cir. 2011) (finding that "[t]he district court properly declined to consider the merits of [plaintiff's] claim because [plaintiff] failed to address it in . . . his response to the summary judgment motion"); *Snyder v. Chrysler Group, LLC*, No. 15-cv-12238, 2016 WL 3213388, at *3 (E.D. Mich. 2016) ("If an opposing party fails to properly address the factual assertions of the moving party, the court may 'consider the facts undisputed for the purposes of the motion' and 'grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it.'") (quoting Fed. R. Civ. P. 56(e))).

## IV.   ANALYSIS

ACIC argues that the Indemnity Agreement unambiguously requires Defendants to indemnify it for all liabilities and expenses sustained by reason of the execution of the bonds.  It posits that James Nguyen's affidavit, which contains an itemized statement of ACIC's expenses and liabilities, constitutes prima facie evidence of Defendants' liability under the contract.  The undersigned agrees.

Under Michigan law, an indemnity contract "is interpreted in accordance with the rules of construction that govern any other type of contract." *Auto-Owners Ins. Co. v. Campbell-Durocher Grp. Painting and General Contracting, LLC*, 911 N.W.2d 493, 498 (Mich. Ct. App. 2017).  And, "[u]nder ordinary contract principles, if contractual language is clear, construction of the contract is a question of law for the court." *Id.* (quoting *Meagher v. Wayne State Univ.*, 565 N.W.2d 401, 415 (Mich. Ct. App. 1997)).  When the terms of a contract are clear, the court must uphold the terms as written. *Rory v. Continental Ins. Co.*, 703 N.W.2d 23, 30 (Mich. 2005).

Here, Section III of the Indemnity Agreement requires Defendants to "exonerate, indemnify, keep indemnified, reimburse and save and hold the surety harmless from and against any and all demands, liabilities, losses, costs, damages," and various expenses that ACIC "may sustain and incur or which arise by reason of or in any manner in consequence of" any bonds executed or procured by ACIC,

"the failure of any principal or indemnitor to perform or comply with any and all of the terms, covenants and conditions of this agreement," and "the enforcement of any of the terms, covenants and conditions of this agreement."  (ECF No. 14-1, PageID.112).  The court finds that this language is clear, and it unambiguously requires Defendants to reimburse ACIC for its losses sustained "by reason of or in any manner in consequence of" the bonds it issued to Defendants and any expenses incurred in the enforcement of the Indemnity Agreement.  *See, e.g.*, *State Auto. Mut. Ins. Co. v. Reschke*, No. 2:06-cv-15410, 2008 WL 4937971, at *3 (E.D. Mich. Nov. 14, 2008) (finding a similar indemnity agreement clear and unambiguous and granting summary judgment to surety); *Fidelity and Deposit Co. of Maryland v. A-Mac Sales & Builders Co.*, No. 04-72643, 2006 WL 1555985, at *3–4 (E.D. Mich. June 5, 2006) (same).

As to damages, ACIC claims it has "sustained losses, costs, expenses, and attorney fees in the amount of $348,906.84."  In support of this claim, it has proffered the affidavit of James Nguyen, ACIC's Bond Claims Examiner.  (ECF No. 14-2).  In addition to explaining the process for ACIC's issuance of performance and payment bonds, Nguyen provides an itemized list of claims made and paid in connection with the bonds at issue totaling $348,906.84.  (*Id.* at PageID.129, ¶ 5).  Under the Indemnity Agreement, Section X makes clear that "an itemized statement of the amount of any such payment [by the Surety] sworn to by

any officer or authorized representative of the Surety . . . shall be prima facie

evidence of the fact and the amount of such payments, and the extent of the

liability of any Principal and Indemnitor of the Surety." (ECF No. 14-1,

PageID.115). Courts routinely enforce such "prima facie evidence" clauses. *See,*

*e.g. Transamerica Ins. Co. v. Bloomfield*, 401 F.2d 357, 362 (6th Cir. 1968)

("Provisions in indemnity agreements granting to the indemnitor the right to

compromise and settle claims, and providing that vouchers and other evidence of

payment shall be prima facie evidence of the propriety thereof, have been upheld

as not against public policy and enforced by the courts."); *Reschke*, 2008 WL

4937971, at *6 ("[C]ourts have routinely held that where an indemnification

agreement contains such a clause, once a surety has submitted the documentation

required by the indemnification agreement, the burden shifts to the principal to

prove the existence of a material fact for trial."). In his capacity as ACIC's Bond

Claims Examiner, Nguyen explains that he is "responsible for the claims made on

bonds written on behalf of [ACIC]" and in offering his affidavit, ACIC has

apparently authorized him as their representative on such matters. (ECF No. 14-2,

PageID.129). As such, the court finds that Nguyen's affidavit constitutes prima

facie evidence of Defendants' liability. Furthermore, because Defendants have

failed to respond, this evidence is uncontroverted, and no genuine dispute of fact

exists.  Accordingly, the court finds that ACIC is entitled to judgment in the amount of $348,906.84.

ACIC also argues that it is entitled to an amended judgment "for additional losses, costs, expenses, and attorney fees incurred by Plaintiff after October 28, 2020, with such additional amounts to be established by an Affidavit accompanying a Motion for Amended Judgment."  (ECF No. 14, PageID.104).  In particular, ACIC highlights that it will likely be liable to pay an additional $34,671.12 in a pending case involving Veterans Construction.  (*Id.* at PageID.95–96).  The court finds ACIC's request consistent with the court's interpretation of the Indemnity Agreement, as already discussed.  Furthermore, Defendants have not contested this request.  The court will, as a result, enter an order permitting ACIC to move to amend the judgment.  *See, e.g.*, *Reschke*, 2008 WL 4937971, at *7 (permitting an amended judgment for the same reasons).

Finally, while ACIC also "requests that this Court award interest, attorney fees, and any other relief in Plaintiff's favor that this Court deems just and appropriate" (ECF No. 14, PageID.104), the court declines to award any additional damages at this stage.  As to interest, ACIC "has not offered a grounds for its entitlement to interest, nor argued the amount on which interest should run, the date from which interest should run, or the rate of interest requested." *Reschke*, 2008 WL 4937971, at *7.  As to attorney fees, the $2,136.00 incurred in this action

so far, according to Nguyen, are already included in the total damages requested. (ECF No. 14-2, PageID.129, 131, ¶¶ 5, 11).  Thus, no additional amount will be ordered at this time.

## V.   CONCLUSION

For the reasons set forth in this opinion, ACIC's Motion for Partial Summary Judgment (ECF No. 14) is **GRANTED**.  Judgment will be entered in favor of ACIC and against Defendants in the amount of $348,906.84.  It is further **ORDERED** that ACIC is entitled to an amended judgment to the extent of any additional losses, costs, expenses, and attorney fees incurred by Plaintiff after October 28, 2020, with such additional amounts to be established by an Affidavit accompanying a motion for amended judgment.

**IT IS SO ORDERED**.

Date: May 27, 2021                         s/Stephanie Dawkins Davis
                                           Stephanie Dawkins Davis
                                           United States District Judge